

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00587-CR

Gilbert M. **VILLARREAL**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 22-07-14468-CR
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:  Lori Massey Brissette, Justice

Sitting:  Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: August 6, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

On July 18, 2022, appellant Gilbert M. Villarreal, Jr.[1] was indicted for possession of less than one gram of a controlled substance, namely methamphetamine. On February 14, 2023, Defendant pled guilty to the offense, and he was sentenced to deferred adjudication community supervision for two years. On April 3, 2023, the State filed a motion to proceed with an

---

[1] We note that, throughout the record, appellant's last name is variously spelled "Villarreal" and "Villareal." We have used the spelling that appears on the notice of appeal and the docketing statement.

adjudication of guilt. On May 3, 2023, Villarreal's guilt was adjudicated, and he was sentenced to two years state jail, but his sentence was suspended and he remained on community supervision probation. On October 31, 2023, the State filed a motion for revocation of probation. Villarreal pled "true" to allegations of the following probation violations: use of narcotics, failure twice to report to the Community Supervision and Corrections Department as ordered by the court, failure to complete his court-ordered community service, and violation of these conditions while on zero tolerance. However, Villarreal did not plead true to three allegations from the motion to revoke regarding failure to pay various fees. After testimony at the motion to revoke hearing on August 28, 2024, the trial court found the allegations to be true, revoked Villarreal's probation, and sentenced him to two years in the Texas Department of Criminal Justice—State Jail Division, with credit for time served and $50 assessed for costs of court. Villarreal filed a motion for new trial on August 30, 2024, which was overruled by operation of law. The trial court certified Villarreal's right to appeal the punishment assessed, stating this was not a plea bargain case, and appointed appellate counsel for Villarreal. Villarreal timely appealed.

On appeal, appellate counsel filed a brief in which he concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

As required, appellate counsel provided Villarreal with a copy of the brief and informed him of his right to review the record and file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Villarreal did not file a *pro se* brief, and the State did not file a brief.

We have thoroughly and independently reviewed the entire record and appellate counsel's brief. We find that (1) no reversible error exists in the record, (2) there are no arguable grounds for review, and (3) therefore, the appeal is frivolous. *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Because we conclude that the appeal is without merit, we grant the request to withdraw filed by appellate counsel and affirm the trial court's judgment. *See id.*

No substitute counsel will be appointed. Should Villarreal wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* 68.4.

Lori Massey Brissette, Justice

DO NOT PUBLISH